

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00320-CR

Jessie **NELSON**,
Appellant

v.

**STATE** of Texas,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 35546
Honorable Bob Brendel, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: September 1, 2021

APPEAL DISMISSED

Appellant, Jessie Ray Nelson, filed a notice of appeal from the judgment on August 4, 2021. The clerk's record has been filed. The clerk's record includes the trial court's certification of defendant's right of appeal, which states "the Defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the

record." TEX. R. APP. P. 25.2(d). However, we are first "obligated to review that record [to] ascertain[] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

Appellant pled guilty to the underlying offense and a jury found him guilty. Nothing in the clerk's record indicates a plea agreement or a waiver of the right to appeal. However, the trial court's certification indicates appellant waived his right to an appeal. Although the certification appears to be inaccurate, and therefore defective, this appeal may not proceed on the merits in the absence of a certification by the trial court that appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). To "ensur[e] that [appellant's] right to appeal is not abridged due to 'defects or irregularities' which can be corrected," on August 9, 2021, we abated this appeal for a period of ten days to allow the trial court to review the record and to either (1) submit an amended Rule 25.2 certification that comports with the record or (2) direct the trial court clerk to file a supplemental clerk's record that evidences the appellant waived his right to appeal. *See Dears*, 154 S.W.3d at 614-15; TEX. R. APP. P. 34.5(c), 37.1.

On August 11, 2021, a supplemental clerk's record was filed containing a "Trial Court's Affirmation of Rule 25.2 Certification," in which the trial court affirmed appellant waived his right to an appeal and stated, in part, "after the jury's verdict of guilty, [appellant] freely and voluntarily waived his right to appeal on the record in open court in exchange for an agreed punishment rather than a full punishment hearing."

On August 12, 2021, we ordered appellant to cause an amended trial court certification to be filed no later than August 23, 2021, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Daniels v. State*, 110 S.W.3d 174, 176-77 (Tex. App.—San Antonio

2003, no pet.). We suspended all other appellate deadlines pending our resolution of the certification issue.

No such amended trial court certification has been filed. Therefore, this appeal is reinstated on the court's docket and this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish